UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CITY OF SACRAMENTO et al.,

Plaintiffs,

v.

TEVA PHARMACEUTICAL INDUSTRIES, LTD. et al.,

Defendants.

No. 2:20-cv-01824-MCE-CKD

**ORDER**

On September 17, 2020, the Court granted Plaintiffs' Ex Parte Application for an Expedited Briefing Schedule and Hearing on their Motion to Remand. ECF Nos. 13, 17. Presently before the Court is Defendants' Ex Parte Application for Reconsideration, and this matter has been fully briefed. ECF Nos. 18, 19, 21. The Court construes Defendants' Motion as a motion for reconsideration under Federal Rule of Civil Procedure 59(e), and it is hereby GRANTED.

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). Such a motion is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment is entered. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248

F.3d 892, 898–99 (9th Cir. 2001). A motion may be construed under Rule 59 or Rule 60 even though it is not labeled as such, or not labeled at all. Taylor, 871 F.2d at 805. Since plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the Court will treat it as a motion under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Local Rule 230(j)(3)–(4). The decision to grant or deny a motion for relief from judgment is addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003); Harman v. Harper, 7 F.3d 1455, 1458 (9th Cir. 1993).

Here, the Court granted Plaintiffs' Ex Parte Application for an Expedited Briefing Schedule based on Plaintiffs' premise that "[i]f the [multidistrict litigation ("MDL")] grants a motion to transfer before this Court renders a decision on the remand motion, then Plaintiffs may be stuck in federal court for years before any federal court assesses whether there is subject-matter jurisdiction over Plaintiffs' claims." ECF No. 13, at 6. In response to Defendants' request for reconsideration, Plaintiffs argue that Defendants are attempting to transfer this case to the federal MDL before the jurisdictional question can be timely resolved:

> [Defendants] filed a notice of a potential tag-along action with the [Judicial Panel on Multidistrict Litigation ("JPML")] on September 15, [2020,] and the JPML issued a conditional transfer order [("CTO")] on September 17, 2020, which Plaintiffs will have an opportunity to oppose. While it is true that the next JPML hearing . . . is scheduled for December 3, 2020, there is no guarantee that the JPML will hold oral

> argument on the tentative CTO and thus the JPML may transfer this action before December 2020 . . . . A failure to adjudicate Plaintiffs' remand motion before a JPML transfer would "for all intents and purposes, decide[] the jurisdictional issue against Plaintiff[s]—at least for some undiscernible time"—which is precisely why the Court was correct to order expedited briefing here.

ECF No. 19, at 3–4 (quoting Weber Cty., Utah v. Purdue Pharma, L.P., No. 1:18-cv-0089 (D. Utah July 31, 2018)). However, as Defendants point out, a transfer of this case to the MDL is not as imminent as Plaintiffs describe. See ECF No. 18, at 4.

The Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML") provide that when a CTO is entered, any party who opposes the transfer must file a notice of opposition within seven days. JPML Rule 7.1(c). If an opposition is filed, the transfer will not occur and instead, the JPML will issue a briefing schedule for a motion to vacate the CTO and set the motion for the next appropriate hearing date. Id. 7.1(f). Finally, the JPML "shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument." Id. 11.1(c).

As stated above, Plaintiffs concede that the next available hearing date is December 3, 2020, but the JPML Rules do not support a finding that the JPML will issue a decision prior to the scheduled hearing date if it decides not to hold oral argument. This means that there is sufficient time for the parties to prepare and file their briefs on Plaintiffs' Motion to Remand in accordance with the standard briefing schedule. See, e.g., City of Orlando, Fla. v. CVS Health Corp., No. 6:20-cv-00736 (M.D. Fla. May 4, 2020), Doc. No. 14 (rescinding order to grant expedited briefing schedule on grounds that JPML would not issue a transfer decision for months); City of Broken Arrow v. Purdue Pharma L.P., No. 4:19-cv-00047 (N.D. Okla. Feb. 22, 2019), Doc. 56 (same).

Accordingly, Defendants' Ex Parte Application for Reconsideration (ECF No. 18) is GRANTED, and the expedited briefing schedule set forth in this Court's Minute Order (ECF No. 17) is VACATED. Defendants' Opposition to Plaintiffs' Motion to Remand shall

be filed on or before October 1, 2020, and Plaintiffs' Reply, if any, shall be filed on or before October 8, 2020. On the Court's own motion and pursuant to Local Rule 230(g), the October 15, 2020 hearing on the Motion to Remand is vacated and submitted without appearance and argument. If the Court determines that oral argument is needed, it will be scheduled at a later date.

IT IS SO ORDERED.

Dated: September 24, 2020

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE