I hereby certify that this instrument is a true and correct copy of
the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL No. 2804 |

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in fifteen actions and Northern District of Mississippi defendant North Mississippi Medical Center move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions, which are listed on Schedule A, to MDL No. 2804. Various responding defendants[1] oppose the motions. The motion to vacate the CTO in the Northern District of Mississippi action is unopposed.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

Despite some variances among the actions before us, all share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* These actions therefore fall within the MDL's ambit.

Plaintiffs and defendant oppose transfer by principally arguing that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is

---

[*] Judge Nathaniel M. Gorton did not participate in the decision of this matter.

[1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc.; and McKesson Corp. (distributor defendants); Actavis, LLC, Actavis Pharma, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Hikma Pharmaceuticals USA Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc.; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; and Watson Laboratories, Inc. (manufacturing defendants).

insufficient to warrant vacating conditional transfer of factually related cases.  Most opponents of transfer also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions, including the resolution of their remand motion.  Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole.  *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | |

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**  MDL No. 2804

## SCHEDULE A

<u>Southern District of Alabama</u>

POARCH BAND OF CREEK INDIANS v. MCKESSON CORPORATION, ET AL.,
 C.A. No. 1:20−00438
POARCH BAND OF CREEK INDIANS v. AMERISOURCEBERGEN DRUG
 CORPORATION, C.A. No. 1:20−00440
POARCH BAND OF CREEK INDIANS v. CARDINAL HEALTH, INC.,
 C.A. No. 1:20−00443

<u>Eastern District of California</u>

CITY OF SACRAMENTO, ET AL. v. TEVA PHARMACEUTICAL INDUSTRIES,
 LTD., ET AL., C.A. No. 2:20−01824

<u>Eastern District of Kentucky</u>

PAINTSVILLE HOSPITAL COMPANY, LLC, ET AL. v. AMNEAL
 PHARMACEUTICALS, LLC, ET AL., C.A. No. 7:20−00102

<u>Northern District of Mississippi</u>

GREER v. ELLIOTT, ET AL., C.A. No. 3:20−00248

<u>Eastern District of Missouri</u>

HICKORY COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20−01121
NEW MADRID COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20−01125
ADAIR COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20−01136
ANDREW COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:20−01150
DEKALB COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20−01191
GRUNDY COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20−01195
RALLS COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20−01252

<u>Western District of Oklahoma</u>

HARMON COUNTY BOARD OF COUNTY COMMISSIONERS v. CEPHALON, INC.,
 ET AL., C.A. No. 5:20−00850

-A2-

<u>Eastern District of Pennsylvania</u>

LOWER MAKEFIELD TOWNSHIP v. PURDUE PHARMA L.P., ET AL.,
   C.A. No. 2:20−03695

<u>Eastern District of Virginia</u>

DINWIDDIE COUNTY v. MALLINCKRODT, PLC, ET AL., C.A. No. 3:20−00606